DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                          Chapter 11

WINTA ASSET MANAGEMENT LLC,                                     Case No. 24-10848 (MEW)

                             Debtor.
------------------------------------------------------------x

## DECLARATION OF EPHRAIM DIAMOND PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

EPHRAIM DIAMOND, under penalties of perjury, hereby declares and states as follows:

1.  I am the chief restructuring officer of Winta Asset Management LLC, the above captioned debtor (the "Debtor"), and I submit this Declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## PART I
## BACKGROUND

2.  Formed on March 23, 2015, the Debtor is a domestic limited liability company organized and existing under the laws of the State of Delaware with an address of 70 Broad Street, New York, New York 10004.

3.  The Debtor was formed to acquire title to the real property located at 70 Broad Street, New York, New York 10004 (the "Property").

4.  The Property, commonly known as the Riverview Center, is a five-story mixed-use office and residential building with approximately 23,000 square feet of office space and has been

1

vacant for almost seven (7) years. The Debtor believes the Property is currently worth an estimated $16,000,000.00.

5.  On April 29, 2015, 70 Broad LLC, the direct 100% owner of the Debtor, sold the Property to the Debtor.[1] The Property was vacant at the time of the Debtor's acquisition.

6.  By loan agreement dated as of April 29, 2015 (the "Loan Agreement"), Silverpeak Real Estate Finance LLC (the "Original Lender") agreed to make a loan to the Debtor in the original principal amount of $15,000,000 (the "Loan").

7.  As evidence of the Loan, the Debtor, *inter alia*, executed and delivered to Original Lender a Consolidated, Amended and Restated Promissory Note dated April 29, 2015, and in the original principal amount of $15,000,000.00 (the "Note")[2].

8.  As collateral security for the payment of the Note, the Debtor executed, acknowledged and delivered to Original Lender a Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents and Security Agreement dated as of April 29, 2015 (the "Mortgage") pursuant to which the Debtor, *inter alia*, granted to the Original Lender a security interest in the Property.

9.  The Original Lender executed an allonge to the Note, dated June 26, 2015 (the "Interim Allonge"), indorsed in favor of SPREF WH II LLC ("Interim Holder"), and delivered the Note, with the Interim Allonge affixed thereto, to Interim Holder. By virtue of this delivery, the Original Lender transferred to Interim Holder all of its rights, title and interest in and to the Note and Interim Holder became the holder of the Note.

10. Then, the Interim Holder executed an allonge to the Note, dated July, 2015 and

---

[1] 70 Broad LLC acquired the Property in 2009 for a purchase price of $19,000,000, of which $10,000,000 was from its own capital and $9,000,000 was via a loan from Asia Bank.
[2] The remaining proceeds from the Note were used to pay interest, property maintenance and real estate taxes.

indorsed in favor of Wilmington Trust, National Association (the "Lender"), as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Trust 2015-NXS2, Commercial Mortgage Pass-Through Certificates, Series 2015-NXS2 (the "Lender Allonge"), and delivered the Note, with the Interim Allonge and Lender Allonge affixed thereto, to the Lender. By virtue of this delivery, Interim Holder transferred to the Lender all of its rights, title and interest in and to the Note and the Lender became the current holder of the Note.

11. Due to a plethora of issues including the Covid-19 Pandemic and a lack of tenants at the Property, the Debtor's cash flow was severely damaged which in turn caused it to default on the Mortgage and Note on or around April 2020.

12. By notice dated April 14, 2020 (the "April Notice of Default"), the Lender, through counsel, notified the Debtor of, *inter alia*, the Debtor's failure to remit its payments under the Note for April 2020.

13. In response to the Debtor's default, on July 10, 2020, the Lender initiated a foreclosure action against the Debtor in the Southern District of New York, styled as *Wilmington Trust, National Association v. Winta Asset Management LLC et al* (1:20-cv-05309) (the "Foreclosure Action").

14. On September 28, 2020, Ian V. Lagowitz (the "Receiver") was appointed by the District Court as the temporary receiver for the Property. The Property is currently vacant.

15. Ultimately, on May 6, 2024, judgment was entered in favor of the Lender and the Lender was awarded *inter alia*, $24,758,480.13, with the Property scheduled to be sold in one parcel at public auction to be scheduled shortly thereafter.

16. On May 17, 2024, by a member resolution, the Debtor's two independent managers appointed by its operating agreement, Michelle Dreyer and Benjamin Hancock, and the Debtor's

sole managing member appointed me as the chief restructuring officer of the Debtor.

17. To preserve the Debtor's interest in the Property, I authorized the Debtor to file for Chapter 11 bankruptcy protection in the Southern District of New York on May 17, 2024 (the "Petition Date").

18. The Debtor intends to utilize Chapter 11 to potentially settle with the Lender and simultaneously retain a broker to market and sell the Property through applicable bankruptcy procedure.

19. If a plan can be consummated expeditiously in bankruptcy, the creditors will likely have the best chance of a recovery through a Chapter 11 plan of reorganization.

20. The Debtor will also promptly review and adjudicate any claims or interests asserted by any other related parties.

21. The Debtor therefore submits that the filing of the Chapter 11 case was necessary to preserve the value of the estate and maximize a return to its creditors.

22. The needs and interests of the Debtor's creditors will best be served by the continued possession of its property and management of its affairs as debtor-in-possession under Chapter 11 until a restructuring plan can be formulated and presented to creditors.

## PART II
## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

23. In addition to the foregoing, S.D.N.Y. Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

24. The Debtor operates at 70 Broad Street, New York, New York 10004. The Debtor's principal assets are the Property.

**Local Rule 1007-2(a)(2)**

25.     This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*(the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

26.     Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

27.     A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

28.     A schedule of the Debtor's 5 largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

29.     A summary of the Debtor's consolidated assets and liabilities is annexed hereto as **Schedule III.**

**Local Rule 1007-2(a)(7)**

30.     There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

31.     On September 28, 2020, Ian V. Lagowitz was appointed by the District Court as the temporary receiver for the Property.

**Local Rule 1007-2(a)(9)**

32.     The Debtor owns the Property.

**Local Rule 1007-2(a)(10)**

33. The Debtor's books and records and substantial assets are located at the Debtor's manager's office at 70 Broad Street, New York, New York 10004.

**Local Rule 1007-2(a)(11)**

34. All suits or proceedings in which the Debtor is named as a party are listed in the Debtor's Statement of Financial Affairs as filed.

**Local Rule 1007-2(a)(12)**

35. The Debtor is currently managed by Ephraim Diamond as its chief restructuring officer and Shuigun Chen as its manager. The Debtor's operating agreement also appoints two independent managers: Michelle Dreyer and Benjamin Hancock.

**Local Rule 1007-2(b)(1) and (2)**

36. The Debtor currently has no employees.

37. The Debtor's estimated gross weekly payroll and payments to officers, managers, members, and directors for the thirty (30) day period following the Chapter 11 petition is $5,000.

38. The Debtor's estimated payroll to non-manager/non-insider employees for the thirty (30) day period following the Chapter 11 petition is approximately $0.

**Local Rule 1007-2(b)(3)**

39. A schedule, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss and obligations expected to accrue but remain unpaid, other than professional fees is annexed as **Schedule IV**.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: May 17, 2024

                                         */s/ Ephraim Diamond*
                                         Ephraim Diamond, Chief Restructuring Officer

## SCHEDULE I

<u>CONSOLIDATED 20 LARGEST UNSECURED CREDITORS</u>

See Attached

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Winta Asset Management LLC** |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF NEW YORK** |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Natalie Braham**<br>**c/o Jeffrey S. Antin**<br>**Antin, Ehrlich, & Epstein LLP**<br>**49 West 37th Street, 7th Fl.**<br>**New York, NY 10018** | | **Personal Injury Plaintiff** | **Unliquidated Disputed** | | | $0.00 |
| **Wilmington Trust**<br>**c/o Keith Michael Brandofino**<br>**Holland & Knight LLP**<br>**900 Third Avenue, 20th FL.**<br>**New York, NY 10022** | | **70 Broad Street, New York, NY 10004** | | $23,950,090.90 | $16,000,000.00 | $7,950,090.90 |

## SCHEDULE II

<u>DEBTOR'S FIVE LARGEST SECURED CREDITORS</u>

See Attached

**Fill in this information to identify the case:**

Debtor name: **Winta Asset Management LLC**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF NEW YORK**

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property  12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

### Part 1: List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** **City of New York Dept. of Finance**<br>Creditor's Name<br><br>**66 John Street, 2nd Fl.**<br>**New York, NY 10038**<br>Creditor's mailing address<br><br>_____<br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☒ Yes. Specify each creditor, including this creditor and its relative priority.<br>**1. Wilmington Trust**<br>**2. City of New York Dept. of Finance** | **Describe debtor's property that is subject to a lien**<br>**70 Broad Street, New York, NY 10004**<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☒ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $218,272.00 | $16,000,000.00 |
| **2.2** **Wilmington Trust**<br>Creditor's Name<br><br>**c/o Keith Michael Brandofino**<br>**Holland & Knight LLP**<br>**900 Third Avenue, 20th FL.**<br>**New York, NY 10022**<br>Creditor's mailing address<br><br>_____<br>Creditor's email address, if known<br><br>**Date debt was incurred** | **Describe debtor's property that is subject to a lien**<br>**70 Broad Street, New York, NY 10004**<br><br>**Describe the lien**<br>**Lien and Judgment**<br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | $23,950,090.90 | $16,000,000.00 |

Official Form 206D   Schedule D: Creditors Who Have Claims Secured by Property   page 1 of 2

| Debtor | **Winta Asset Management LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**Last 4 digits of account number**

| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
|---|---|
| ☐ No | ☐ Contingent |
| ■ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| **Specified on line 2.1** | ☐ Disputed |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**   $24,168,362.90

**Part 2:  List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Ian V. Lagowitz<br>c/o Stephen Frederick Ellman<br>Zeichner Ellman & Krause LLP<br>1211 Avenue of the Americas<br>New York, NY 10036 | Line  2.2 | |

## SCHEDULE III

### SUMMARY OF ASSETS AND LIABILITIES

See Attached

**Fill in this information to identify the case:**

Debtor name: __Winta Asset Management LLC__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF NEW YORK__

Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals 12/15

### Part 1: Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*............................................................................................... $ **16,000,000.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*............................................................................................ $ **0.00**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*.............................................................................................. $ **16,000,000.00**

### Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*................... $ **24,168,362.90**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*.......................................... $ **0.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............... +$ **0.00**

4. **Total liabilities** ........................................................................................................................
   Lines 2 + 3a + 3b                                                                                                    $ **24,168,362.90**

## SCHEDULE IV

### 30 DAY ESTIMATED INCOME AND EXPENSES

Income: $0

Expenses:

| | |
|---|---|
| CRO Monthly Fee: | $5,000.00 |
| Property Taxes: | $39,666.00 |
| Electricity: | $3,000.00 |
| Total: | $47,666.00 |