UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 11

WINTA ASSET MANAGEMENT LLC,                        Case No. 24-10848 (MEW)

                Debtor.
------------------------------------------------------------x

## ORDER CONFIRMING DEBTOR'S AMENDED
## PLAN OF LIQUIDATION PURSUANT TO 11 U.S.C. SECTION 1129

The above-captioned debtor and debtor-in-possession, Winta Asset Management LLC (the "Debtor"), having filed, *inter alia*, a First Amended Plan of Reorganization on October 29, 2024 (ECF No. 36; the "Original Plan")[1] under Chapter 11 of the Bankruptcy Code (the "Code") relating to the First Amended Disclosure Statement dated October 29, 2024 (ECF No. 37; the "Disclosure Statement"); and the Court having entered an Order on October 31, 2024 (ECF No. 38; the "Scheduling Order") which, *inter alia,* (1) conditionally approved the Disclosure Statement, (2) scheduled a hearing on final approval of the Disclosure Statement together with confirmation of the Original Plan, and (3) set a deadline for submission of ballots and objections to confirmation of the Plan, and a copy of the Original Plan, Disclosure Statement with exhibits, Scheduling Order and Ballot having been transmitted to all known holders of Claims and Interests in accordance with the Scheduling Order and Bankruptcy Rules 2002, 3017 and 3019; and the solicitation of acceptances and rejections of the Original Plan having occurred; and the Debtor having filed its Second Amended Plan of Reorganization on December 6, 2024 (Dkt. No. 42, and as clarified and modified by this Order, the "Plan") to address certain comments of the Office of the United States Trustee to the Original Plan; it appearing that the Plan does not alter or adversely affect the treatment of creditors and Interest holders provided for in the Original

Plan and its solicitation therefore is not necessary; and upon the Declaration of Ephraim Diamond, Chief Restructuring Officer of the Debtor in support of confirmation of the Plan having been filed on December 6, 2024 (ECF No. 44); and upon the hearing to consider final approval of the Disclosure Statement and confirmation of the Plan having been held on December 11, 2024, (the "Hearing"), pursuant to notice as heretofore directed; and the affidavit of service having been filed herein evidencing compliance with such notice; and upon the entire record of this case and the minutes taken before me at the Hearing; and the certification of Jonathan S. Pasternak, Esq. of the ballots cast in acceptance of and in rejection to the Plan dated having been filed with the Court on December 6, 2024 (ECF No. 43); and the Court having considered the testimony offered by the Debtor and all evidence and pleadings offered and submitted in connection with confirmation of the Plan; and upon all proceedings heretofore had herein; and deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. As shown by (a) the Certificate of Service of BK Attorney Services LLC dated October 31, 2024 (ECF No. 39), proper, timely, adequate and sufficient notice of the Hearing on confirmation of the Plan to all creditors, Interest holders and parties in interest has been provided in accordance with the Scheduling Order and applicable Bankruptcy Rules and no further or other notice of the Hearing or entry of this Order is necessary.

B. This Court has jurisdiction over the subject matter of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. sections 1334 and 157(b). The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Code and should be confirmed. Venue is proper in this district pursuant to 28 U.S.C.

---

1 Capitalized terms not otherwise defined herein shall have the meanings as set forth in the Plan.

sections 1408 and 1409. Confirmation of the Plan is a core matter pursuant to 28 U.S.C. section 157(b)(2)(A), (L), and (O).

C. The parties confirmed on the record at the Hearing that in the event that Wilmington Trust is the buyer of the Debtor's property by way of a credit bid then Wilmington Trust will pay all allowed administrative and priority claims, including real estate taxes, professional fees, United States Trustee fees, brokerage fees and other allowed administrative and priority claims. Any provision of the Plan that might be construed otherwise is hereby deemed to have been amended to conform to the terms set forth in this paragraph.

D. As set forth in the Certification of Ballots, and in accordance with the terms of the Plan governing the treatment and voting rights of Classes, (i) Class 2 has accepted the Plan pursuant to 11 U.S.C. Section 1126(c), and (ii) Class 4 Interests are deemed to accept the Plan without voting. The only general unsecured claim was resolved by prior stipulation that provided for the waiver of that claim against the estate, so that there are no general unsecured creditors.

E. The Plan and Disclosure Statement comply with the applicable requirements of sections 1122, 1123, 1125, 1126, and 1129(a) of the Bankruptcy Code.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Plan hereby is confirmed pursuant to Sections 1129 and 1141 of the Code. In the event of any inconsistency between the Plan and this Order, the terms and provisions of this Order shall fully govern. In the event of an inconsistency between the Plan and the Disclosure Statement, the terms of the Plan shall control in all respects.

2. All transactions implemented in connection with, and contemplated by the Plan are hereby approved in their entirety.

3. The exculpation provisions contained in Article 7.2 of the Plan are deemed to have been amended to correct grammatical errors by deleting the word "neither" in the second line and by substituting the word "and" in place of the word "nor" in the third line. As so amended the exculpation provision is approved, and each exculpated party shall be entitled to the protections afforded by Section 1125(e) of the Code and other applicable state or federal law. *provided, however,* that notwithstanding the terms of Article 7.2 and Article 7.3, nothing in the Plan shall operate as a discharge as defined in Section 1141(d) of the Code.

4. The Plan provides for a liquidation of the Debtor's assets and the Debtor is not entitled to a discharge. Accordingly, any provision in the Plan that states that the provisions of the Plan are in the full compromise, settlement, release and/or discharge of claims shall be treated as null and void. In addition, the injunction set forth in section 7.3 of the Plan is hereby deemed to have been amended and to have been replaced by the following language:

> 7.3 Confirmation Injunction. Effective on the Confirmation Date, all assets of the estate may be used only for the purposes and in the manner set forth in the Plan, and all persons who have held, hold or may hold Claims or Interests are enjoined from taking any action to interfere with the consummation and implementation of the Plan or from attempting to recover or apply assets of the estate in any manner that is inconsistent with the Plan.

As so amended, section 7.3 is approved and shall be deemed to have been incorporated in this Order.

5. The Plan, this Order, and their respective provisions shall be binding upon the Debtor, any lessor or lessee of property from or to the Debtor, and any and all creditors, holders of Claims or Interest holders of the Debtor and any other party in interest in the Chapter 11 Case, as well as any successor or assign of any of the foregoing, whether or not the Claim or Interest of

4

such creditor, Interest holder or other party in interest is impaired under the Plan and whether or not such creditor, Interest holder or other party in interest has filed, or is deemed to have filed, a proof of Claim or Interest or has accepted or is deemed to have accepted, or has rejected or is deemed to have rejected, the Plan.

6.  The Debtor is hereby authorized to take any and all actions and execute and deliver any and all instruments and documents that they deem necessary and appropriate to effect and consummate the Plan and carry out this Order, subject to the satisfaction of the conditions precedent to consummation as set forth in the Plan.

7.  This Court hereby retains jurisdiction pursuant to and for the purposes of Sections 105, 1127 and 1142 of the Code and as provided in the Plan, and for such other purposes as may be necessary and useful to aid in the confirmation, consummation and implementation of the Plan.

8.  The sale of the Sale Assets pursuant to the Plan, the Purchase and Sale Agreement and order approving the Sale shall constitute a sale pursuant to a plan within the meaning of Bankruptcy Code § 1146. As the Plan provides for the sale of the Property as the means for implementation and in order to effectuate and consummate the Plan, the Sale of the Property shall not be taxed under any law imposing a stamp or similar tax as provided for in Section 1146(a) of the Code including (i) the initial transfer of the Property; (ii) the making or delivery of any deed or other instrument or transfer under, in furtherance of, or in connection with the Plan. All such mortgages, transfers, assignments or sales will not be subject to any stamp tax, or other similar tax held to be a stamp tax, including mortgage recording tax or other similar tax by applicable law and the New York State Real Property Transfer Tax and New York City Real Property Transfer Tax; provided, however, that no subsequent transfers of the Property, if any,

5

by any purchaser or assignee of a contract or executory contract shall be exempt from stamp tax under Section 1146(a) of the Code except to the extent allowable under applicable law or further order of the Court. All filing and/or recording officers (or any other person or entity with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of Section 1146(a) of the Code, shall forego the collection of any such tax, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax. Pursuant to Bankruptcy Code § 1146(a), all filing and/or recording offices and any person or entity with authority over the foregoing, including without limitation the New York City Register, shall accept a certified copy of this Order for filing and recordation and index this order in connection therewith. The Court shall retain jurisdiction with respect to these matters.

9. A further Order confirming a Sale shall be entered after an appropriate application for the same, and it is contemplated that the Sale shall of the Sale Assets shall be free and clear of liens, encumbrances and claims to the fullest extent permitted by section 363(f) of the Bankruptcy Code.

10. All requests for Administrative Claims must be made by application filed with the Court and served on Debtor's counsel within thirty-five (35) days after the Effective Date. Such application for payment of an Administrative Claim shall include, at a minimum, (i) the name, address, telephone number and email address of the holder of such Claim; (ii) the amount of such Claim; (iii) the basis for such Claim; and (iv) any supporting documentation to the extent such documentation would be required under Bankruptcy Rule 3001. All such Administrative Claims not timely filed or otherwise provided for under the Plan shall be forever barred.

11. All final requests for allowance of fee Claims must be made by application filed with the Court and served on all parties in interest within thirty (30) days after the Effective Date. All such fee Claims not timely filed or otherwise provided for under the Plan shall be forever barred.

12. Nothing in this Order or the Plan shall release or affect the liability of any guarantor or non-debtor person or entity.

13. The Debtor or Purchaser may file a motion to amend this Order at any time prior to the closing of the Sale to the extent necessary for the Purchaser to obtain title insurance in connection with the Sale.

14. Pursuant to the terms of the Plan, the Effective Date of the Plan shall not occur until all of the conditions to the Effective Date set forth in Article 8 of the Plan have been satisfied or waived as provided in the Plan.

15. The provisions of Bankruptcy Rules 3020(e) and 6004(h) are hereby waived and this Order shall take effect and shall be fully enforceable immediately upon entry hereof.

16. In accordance with Bankruptcy Rules 2002 and 3020(c), within five (5) business days of entry of this Order, the Debtor shall serve a true and correct copy of this Order on all creditors and parties in interest in the Chapter 11 Case, including the United States Trustee.

Dated: New York, New York
       December 11, 2024

**s/Michael E. Wiles**
HON. MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE
